# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02903-SKC-CYC

STEPHEN MARTINEZ,

     Plaintiff,

v.

JEREMIAH VELASQUEZ,
KRISTOPHER LOVE,
STEPHANIE NERVAIS,
ALINA DAVIS,
JOLENE DURAN,
RAMONA CARPIO,
ANGELINE CHERY,
FRANCES WRIGHT,
LINDSAY GOUTY,
ACTION STAFFING SOLUTIONS, INC., individually,

     Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) occurred on December 17, 2025. Counsel for the parties who participated in the Scheduling Conference are:

| | |
|---|---|
| Stephanie M. Frisinger | Scott A. Neckers |
| MAXTED LAW, LLC | Overturf McGath & Hull, P.C. |
| 1543 Champa Street, Suite 400 | 625 East Sixteenth Avenue, Suite 100 |
| Denver, CO 80202 | Denver, Colorado 80203 |
| 303-353-1535 | Tel: (303)860-2848 |

stephanie@maxtedlaw.com
dave@maxtedlaw.com

*Counsel for Plaintiff*

Fax: (303) 860-2869
san@omhlaw.com
phs@omhlaw.com

*Counsel for Defendants Velaquez, Love, Davis, Duran, Carpio, Wright, and Gouty ("CDOC Defendants")*

Jacqueline B. Sharuzi
Stephanie Clark
SHARUZI LAW GROUP, LTD.
555 Seventeenth Street, Suite 975
Denver, CO 80202
(303) 226-0330
jackie@sharuzilaw.com
sclark@sharuzilaw.com

*Counsel for Defendants Nervais, Chery, and Action Staffing Solutions, Inc. ("Action Staffing Defendants")*

## 2. STATEMENT OF JURISDICTION

Plaintiff contends this action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution, and 42 U.S.C. § 1983 and § 1988, and under Colorado state law.

Plaintiff contends jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988, and other relevant law.

Plaintiff contends venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b), as the district where all relevant events and omissions occurred.

Plaintiff contends that supplemental jurisdiction over state claims is conferred by 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and meritorious and the state causes of action arise from a common nucleus of operative facts.

Defendants do not object to jurisdiction or venue as to the claims asserted.

### 3. STATEMENT OF CLAIMS AND DEFENSES

1. **Plaintiff:** Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of the Eighth Amendment against all Individual Defendants ( Defendants Velasquez, Love, Nervais, Davis, Duran, Carpio, Chery, Wright, Gouty); 42 U.S.C. § 1983 for *Monell* liability against Defendant Action Staffing Solutions, Inc.; and common law negligence under Colorado state law against Defendants Action Staffing Solutions Inc., Nervais, and Chery. Plaintiff incorporates all aspects of Plaintiff's Complaint and Jury Demand, Doc. 1, into his statement of claims here.

Stephen Martinez lost his right leg when doctors were forced to amputate due to the spread of flesh-eating bacteria, or necrotizing fasciitis. Infection had spread from his foot into the leg and bone, rotting and killing tissue. Doctors performed emergency surgery and sawed through his thigh to stop the infection from killing him. Mr. Martinez will never be the same. This tragedy and the horrific pain and suffering Mr. Martinez endured should never have occurred. The amputation and festering infection would never have happened but for Defendants' failures. For over a month, Mr. Martinez requested care for injury and then serious infection to his foot.

3

Because he was in prison, Mr. Martinez had no ability to seek care or go to a hospital himself, and was totally dependent on Defendants to ensure access to needed care. Mr. Martinez went so far as to declare multiple medical emergencies in an effort to receive needed care. Defendants, as medical staff, had a constitutional and ethical duty to provide proper care to Mr. Martinez, and as gatekeepers to outside care to ensure that he had access to necessary care if they could not provide it. Defendants repeatedly failed to meet this duty, leading to this catastrophic and preventable tragic injury.

Mr. Martinez has diabetes and related foot neuropathy, a condition well-known to Defendants to involve a serious risk of infection and amputation if injury to the area is not treated promptly and properly. Mr. Martinez showed signs of exactly such a foot injury on or about September 18-19, 2023, when he reported symptoms including pain and alarming swelling of his right foot and leg. Defendants Davis, Duran, and Love, each had the opportunity and duty to ensure Mr. Martinez received needed care. Such care should have included ensuring the foot was X-rayed to diagnose any fracture or related injury, immobilizing the foot, and providing other protective measures to prevent the swollen, injured foot from developing an infection. Had Defendants Davis, Duran, and Love, acted timely and properly, Mr. Martinez's leg would never have been amputated. Instead, their failure to act led him to unknowingly continue to walk around on what he would later learn was a fractured

foot—which he could not feel due to neuropathy—while the injury worsened and exposure to dangerous infection resulted.

The failure to provide needed care tragically only continued from there. On October 11, Defendant Gouty—the facility Health Services Administrator with the responsibility to ensure access to needed care—became aware of Mr. Martinez's concerning condition and need for proper diabetic foot care, yet failed to ensure he received it. On October 14, Mr. Martinez observed a black spot on his foot and a raised area, concerning signs of infection, and declared the first of several medical emergencies to request care. From that date onward, Mr. Martinez was repeatedly denied access to needed care, as the infection deepened and spread into the foot and eventually up his leg. Defendants Velasquez, Nervais, Chery, Duran, Carpio, and Wright, each had the opportunity and duty to ensure proper treatment of this infection to stop the spread and save Mr. Martinez's foot and leg. Despite witnessing Mr. Martinez's festering wound, and despite knowing his condition obviously necessitated emergency care, Defendants repeatedly failed to take necessary action to hospitalize or otherwise ensure Mr. Martinez received urgent care. Because of Defendants' failures, a deadly but treatable infection festered unimpeded in Mr. Martinez's right foot and eventually his right leg bones, causing permanent damage to Mr. Martinez.

On November 2, 2023, Mr. Martinez was finally and belatedly hospitalized for the first time. By then, the rotting infection had developed into late-stage necrotizing

fasciitis and extensive tissue death in his foot and leg. Doctors were forced to amputate the right leg above the knee and near Mr. Martinez's groin. Mr. Martinez endured horrific pain and suffering as a result of Defendants' actions and inaction, and he is permanently disabled as a result. He requires a wheelchair to move around and will never be the same. Had Defendants performed their constitutional duties as medical staff as well as gatekeepers to needed outside care, Mr. Martinez would still have his right leg and would not have endured injuries alleged in the Complaint. Defendants violated Mr. Martinez's civil rights and are liable for his damages.

The Individual Defendants' actions and inaction deprived Plaintiff of his Constitutional rights, and Individual Defendants were deliberately indifferent to known and excessive risks of serious harm to Mr. Martinez. Each Individual Defendant is individually liable to the Plaintiff for violation of 42 U.S.C. § 1983. Each of the Individual Defendants identified herein subjectively knew about and were deliberately indifferent to the dangers posed, which they intentionally and deliberately disregarded, and they knew of these excessive risks because they were obvious to them. Each Individual Defendant hereto recklessly and knowingly denied medical treatment for known serious medical issues and were also deliberately indifferent in delaying and denying Mr. Martinez proper evaluation, treatment, and transport to a medical facility to obtain higher-level medical care. Individual Defendants knowingly, intentionally, willfully, and maliciously disregarded the obvious risks of bodily injury and death to Plaintiff, failed to provide humane

conditions of confinement, deprived Plaintiff of life's necessities, and violated Plaintiff's Eighth Amendment rights, resulting in substantial harm, loss of a limb, and permanent disability to Plaintiff. The acts or omissions of Individual Defendants were the legal and proximate cause and the moving force behind Plaintiff's injury and damages, and Mr. Martinez endured grievous pain and suffering, loss of a limb, and lifelong disability, because of Individual Defendants' deliberate indifference.

Defendant Action Staffing is liable under 42 U.S.C. § 1983 for maintaining deliberately indifferent policies, customs, procedures, decision-making, supervision, and training that resulted in the violation of Plaintiff's Eighth Amendment rights, including his right to medical care, safety, and well-being while in custody and not subjected to cruel and unusual conditions of confinement. Defendant Action Staffing's policies, procedures, practices, customs, supervision, and training were a moving force in the constitutional violations by their employees Defendants Nervais and Chery, and in Mr. Martinez's suffering, injuries, and damages, including his permanent loss of limb and permanent disability. There is an affirmative causal link between the deliberate indifference of Defendants Nervais and Chery towards Plaintiff's protected rights and the policies, procedures, customs, decision-making, and training of Defendant Action Staffing.

In failing to exercise reasonable care to meet the duties described herein, Defendants Action Staffing, Nervais, and Chery recklessly and negligently caused Plaintiff's injuries and damages including Mr. Martinez's pain and suffering and loss

of limb. The reckless and negligent acts and omissions by these Defendants also were a substantial and significant contributing proximate cause of Mr. Martinez's loss of limb and Plaintiff's damages. Defendant Action Staffing is vicariously liable for the negligent acts and omissions by their agents and/or employees, including but not limited to Defendants Nervais and Chery and other medical or other workers, whether or not they are named Defendants, under common law negligence under Colorado state law.

**Defendants:**

**CDOC Defendants**: CDOC Defendants generally deny the allegations contained in Plaintiff's complaint, including that their alleged actions, inactions, medical care, and treatment of Plaintiff deviated from the standard of care or constituted deliberate indifference or a violation of the U.S. Constitution, Federal Law, or State Law. CDOC Defendants further deny that any of the care and treatment provided to Plaintiff during the operative time period caused any of the damages claimed by the Plaintiff.

To the extent Plaintiff's Complaint raises any "gatekeeper" claims under the Eighth Amendment, the CDOC Defendants deny that they took any action that interfered with or obstructed Plaintiff's ability to obtain medical care while in CDOC custody. Additionally, the CDOC Defendants reserve the right to raise any and all separate and affirmative defenses they pleaded in their answer.

**Action Staffing Defendants:** These Defendants deny that they were deliberately indifferent to any serious medical needs experienced by Mr. Martinez and assert that care and treatment provided by each individual Defendant was reasonable, appropriate and met all applicable standards of care. Defendants further deny that any of their actions or inactions as alleged caused or contributed to Mr. Martinez's injuries. Defendant Action Staffing specifically denies any independent liability pursuant to Plaintiff's alleged *Monell* claim, and denies all independent allegations of negligence set forth in Plaintiff's state law claims. Action Staffing's policies, procedures and/or practices were at all times reasonable and appropriate and did not proximately cause Mr. Martinez's injuries. These Action Staffing Defendants adopt and incorporate all affirmative defenses asserted in their respective Answers to Plaintiff's Complaint (once served) and reserve the right to assert additional defenses as discovery progresses.

## 4. UNDISPUTED FACTS

1. All of the CDOC Defendants were each employed by the Colorado Department of Corrections during the relevant time period.

2. Defendants Stephanie Nervais and Angeline Chery were employed by Action Staffing Healthcare Staffing, Inc. during the relevant time period.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:** Plaintiff seeks all appropriate relief at law and equity; declaratory relief and other appropriate equitable relief; economic losses on all claims as allowed by

law; compensatory and consequential damages, including damages for emotional distress, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the appropriate lawful rate; and any further relief that this court deems just and proper, and any other relief as allowed by law. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendants, in that their actions were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

Plaintiff's damages are not of the type that can be tallied here. Plaintiff has claims for emotional distress damages. These are not quantifiable other than by a jury. Undersigned counsel will provide Defendants in this matter with whatever quantifiable evidence is obtained to show measurement of damages, but civil rights violations like this are not given to easy description of losses and instead require that the jury announce their value.

A more precise computation of Plaintiff's damages, to the extent the damages are subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

**Defendants:**

**CDOC Defendants:** The CDOC Defendants do not anticipate seeking any damages but respectfully reserve the right to seek indemnity and to recover reasonable fees and costs.

**Action Staffing Defendants:** The Action Staffing Defendants do not seek damages at this time but reserve their right to recover attorneys' fees and costs or other damages to which they may be entitled under applicable federal and Colorado law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   The Fed. R. Civ. P. 26(f) meeting was conducted via remote conference between counsel on **November 21, 2025.**

b.   Participants in the meeting were as follows: Stephanie Frisinger, Scott Neckers, Stephanie Clark.

c.   The parties will make their Rule 26(a)(1) disclosures on or before **December 12, 2025**.

d.   The parties propose a one-week extension of time to the timing of required disclosures under Fed. R. Civ. P. 26(a)(1) due to the Thanksgiving holiday.

e.   The parties have not agreed to conduct informal discovery.

f.   The parties agree to take all reasonable steps to reduce costs to discovery, including using a unified exhibit numbering system.

g.      The parties anticipate that their claims or defenses will involve the discovery of some electronically stored information. To the extent that discovery or disclosures involves information or records in electronic form, the Parties will take steps to preserve that information.  The Parties agree that, to the extent feasible, the Parties will exchange information (whether in paper or electronic form) in PDF format, and the parties will protect the privacy of confidential materials exchanged in discovery.

h.      The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution, but at this juncture settlement appears premature. The parties will continue to work together in good faith to determine whether the matter can be resolved.  To the extent there is a settlement meeting, the parties will report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.

## 7. CONSENT

The parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

In addition to the named Parties, experts, and 30(b)(6) depositions, Plaintiff will be limited to five fact depositions, and Defendants collectively will be limited to five fact depositions.

The Parties do not propose any modifications to the limitations on interrogatories. Per Fed.R.Civ.P. 33(a), a party may serve on any other party no more than 25 written interrogatories.

b.      Limitations which any party proposes on the length of depositions: The Parties do not propose any modifications to the limitations on the length of depositions.  A deposition is limited to one day of seven hours as provided in Fed.R.Civ.P. 30(d)(2).

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission: Plaintiff may serve 10 Requests for Production and 10 Requests for Admission on each individual CDOC Defendant. Plaintiff may serve 30 Requests for Admission on the Action Staffing Defendants collectively. The CDOC Defendants may serve 10 Requests for Production and 10 Requests for Admission to Plaintiff.  The Action Staffing Defendants may serve 10 Requests for Production and 10 Requests for Admission to Plaintiff.

d.      Other Planning or Discovery Orders: No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). No party or witness shall bring or wear a gun to his or her deposition.

13

e.     Deadline for service of Interrogatories Requests for Production of Documents and/or Admissions: Submission of the written discovery may occur at any time after the date of entry of the Scheduling Order. The last written discovery requests shall not be served upon any adverse party any later than December 15, 2026.

f.     Other Planning or Discovery Orders

1.     Production of Privileged Documents

Pursuant to this Order, the production of privileged or work-product protected documents, whether inadvertently or otherwise, is not a waiver of the privilege or protection, consistent with Federal Rule of Evidence 502(d).

2.     If a discovery dispute arises during an on-going deposition, the parties must jointly call Magistrate Judge Chung's chambers. For all other discovery disputes, the movant must email Chung_Chambers@cod.uscourts.gov, copying all parties, with a brief description of the dispute and a request for a Discovery Conference. *See* D.C.COLO.MJ VI.

## 9. CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings: **February 13, 2026.**

b.     Discovery Cut-off: **January 29, 2027**

c.     Dispositive Motion Deadline**: February 26, 2027**

d.      Rule 702 Deadline: Unless otherwise ordered, all motions filed under Federal Rule of Evidence 702 and any motion to strike an expert on the basis of discovery violations shall be filed no later than thirty (30) days after the deadline for disclosure of rebuttal witnesses.

e.      Expert Witness Disclosure**:**

(a) Plaintiff anticipates he may retain experts in the following areas: economics (regarding Plaintiff's damages); medical expert(s); corrections expert; and any expert necessary for rebuttal and/or impeachment purposes. Plaintiff may call experts in other areas as well.

(b) Defendants anticipate calling experts in the following fields: correctional medicine and nursing standard(s) of care, orthopedics/podiatry/wound care, general surgery/vascular surgery, infectious disease, radiology, endocrinology, and damages. Defendants will endeavor to share and co-endorse/co-retain retained experts.

The Parties agree to limit the number of retained affirmative experts to **five** per party group (Plaintiff, CDOC Defendants, and Action Staffing Defendants each constituting a "party group:"), absent further leave of Court.

1. The Plaintiff shall designate his experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 9, 2026.**

2. The Defendants shall designate all their experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 13, 2026.**

3. The Plaintiff shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **December 4, 2026**.

**f.      Identification of Persons to Be Deposed:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Stephen Martinez | TBD | TBD | 7 hours or less |
| Jeremiah Velasquez | TBD | TBD | 7 hours or less |
| Kristopher Love | TBD | TBD | 7 hours or less |
| Stephanie Nervais | TBD | TBD | 7 hours or less |
| Alina Davis | TBD | TBD | 7 hours or less |
| Jolene Duran | TBD | TBD | 7 hours or less |
| Ramona Carpio | TBD | TBD | 7 hours or less |
| Angeline Chery | TBD | TBD | 7 hours or less |
| Frances Wright | TBD | TBD | 7 hours or less |
| Lindsay Gouty | TBD | TBD | 7 hours or less |
| CDOC Rule 30(b)(6) witnesses | TBD | TBD | 7 hours or less per witness |
| Action Staffing Rule 30(b)(6) witnesses | TBD | TBD | 7 hours or less per witness |
| Other individuals disclosed pursuant to Fed.R.Civ.P. 26 or otherwise noticed by the parties | TBD | TBD | 7 hours or less per witness |
| Other witnesses to be identified during the course of discovery | TBD | TBD | 7 hours or less per witness |

| TBD Cellmate of Plaintiff during the operative time | TBD | TBD | 7 hours or less per witness |
|---|---|---|---|

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times: None at this time.

b.      District Judge Crews presides over the Final Pretrial Conference which he combines with the Trial Preparation Conference. *See* Section D of District Judge Crews' Standing Order for Civil Cases. Judge Crews will set a conference date after the Dispositive Motion Deadline has passed and the Court has issued rulings on all such motions, or if no dispositive motions have been filed and the deadline is passed. The Parties' proposed Final Pretrial Order is due at least seven days before the combined Final Pretrial Conference/Trial Preparation Conference, and a Word version should also be emailed to Judge Crews' Chambers at crews_chambers@cod.uscourts.gov.

## 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

b.      The parties anticipate that the jury trial will take ten (10) to twelve (12) days.

c.	Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

d.	The Parties anticipate that certain materials involved in discovery in this matter will be designated as confidential by the parties, including medical, personnel, and or security sensitive information. The Parties therefore anticipate seeking a protective order from the Court with respect to such materials.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a) and the Magistrate Judge discovery dispute procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of <u>good cause</u>.

DATED at Denver, Colorado, this 17th day of December, 2025.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

Respectfully submitted,

_s/ Stephanie M. Frisinger_____
David G. Maxted
Stephanie M. Frisinger
MAXTED LAW LLC
1543 Champa Street Suite 400
Denver, CO 80202
dave@maxtedlaw.com
stephanie@maxtedlaw.com
303-353-1535

19

*Attorneys for Plaintiff*

*s/Scott A. Neckers*
Scott A. Neckers
Paul H. Sukenik
Overturf McGath & Hull, P.C.
625 East Sixteenth Avenue, Suite 100
Denver, Colorado 80203
Tel: (303)860-2848
Fax: (303) 860-2869
san@omhlaw.com
phs@omhlaw.com

*Counsel for CDOC Defendants*

*s/ Stephanie Clark*
Jacqueline B. Sharuzi
Stephanie Clark
SHARUZI LAW GROUP, LTD.
555 Seventeenth Street, Suite 975
Denver, CO 80202
(303) 226-0343
Jackie@sharuzilaw.com
sclark@sharuzilaw.com

*Counsel for Action Staffing Defendants*